ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Thursday, October 27, 2022 11:09:22 AM
CASE NUMBER: 2022 CV 04863 Docket ID: 872975777
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| **AARON CAYLOR, Individually and as Administrator of the Estate** of Michael J. Caylor<br>6581 Loblolly Drive<br>Dayton, Ohio 45424<br><br>Plaintiff(s),<br><br>vs.<br><br>**CIGNA INSURANCE COMPANY**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>Defendant. | * * * * * * * * * | **CASE NO.**<br><br>**JUDGE**<br><br><u>**PLAINTIFFS' COMPLAINT WITH JURY DEMAND ENDORSED HEREON**</u> |

Now comes the Plaintiff, Aaron Caylor, individually and as the Administrator of the Estate of Michael J. Caylor, by and through undersigned counsel, and for his Complaint against the Defendant hereby avers and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Aaron Caylor is an individual residing at 6581 Loblolly Drive, Dayton, Ohio 45424, in the County of Montgomery, State of Ohio.

2. Plaintiff is the duly appointed Administrator of the Estate of Michael J. Caylor (hereinafter referred to as the "Estate"), pursuant to the Entry Appointing Fiduciary – Letters of Authority issued by the Montgomery County Probate Court, Case No. 2021EST02036, on September 23, 2021. A true and accurate copy of the Entry Appointing Fiduciary is attached hereto and incorporated completely herein as Exhibit "A".

3. Defendant Cigna Insurance Company (hereinafter "Cigna") is a for-profit corporation registered in the State of Ohio and conducting business within the State of Ohio, County of Montgomery, and with its statutory agent located at CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

4. The policies of insurance underlying this dispute were entered into and executed in Montgomery County, Ohio, the motor vehicle collision precipitating this action occurred in Montgomery County, Ohio, and all parties have submitted through their actions to the jurisdiction and venue of this Court.

**FACTUAL ALLEGATIONS**

5. Plaintiffs hereby reallege and incorporate completely the allegations set forth in the preceding paragraphs as if fully restated herein.

6. At all times relevant hereto, Michael J. Caylor (hereinafter the "Decedent") was covered under policies of life insurance that were issued by Cigna through Decedent's employer, Vectren Energy Delivery of Ohio, Inc. d/b/a CenterPoint Energy Ohio (hereinafter "CenterPoint Energy").

7. More specifically, Decedent was covered under a Group Term Life Insurance Policy, issued by Cigna and underwritten by Life Insurance Company of North America, Policy No. FLX-980482 (hereinafter the "Group Term Life Policy"). A true and accurate copy of the Group Term Life Policy is attached hereto and incorporated completely herein as Exhibit "B".

8. Decedent was also covered under an Accidental Death Insurance Policy, issued by Cigna and underwritten by Life Insurance Company of North America, Policy No. OK 980491 (hereinafter the "Accidental Death Policy"), which was effective as of January 1, 2021 and at all times relevant hereto. A true and accurate copy of the Accidental Death Insurance Policy is attached hereto and incorporated completely herein as Exhibit "C".

9. Plaintiff Aaron Caylor is an individual beneficiary of both the Group Term Life Policy and the Accidental Death Policy.

10. On or around June 7, 2021, Decedent was operating a motor vehicle within the scope of his employment at CenterPoint Energy.

11. The motor vehicle being operated by Decedent was a 2017 Chevrolet Express van owned by CenterPoint Energy, Decedent was travelling south on State Route 48 in the City of Union, and Decedent was properly restrained by use of a seat belt.

12. On or around June 7, 2021, Decedent suffered a fatal motor vehicle accident, wherein his work vehicle struck a light post and tree before coming to complete stop.

13. After the accident, Decedent was transported to Miami Valley Hospital North and was pronounced dead shortly thereafter.

14. On or around June 8, 2021, a postmortem examination and/or autopsy of the Decedent was completed by Dr. Bryan D. Casto, a Montgomery County Deputy Coroner and forensic pathologist. A true and accurate copy of the opinion and report of Dr. Casto (hereinafter the "Autopsy Report"), dated July 16, 2021, is attached hereto and incorporated completely herein as Exhibit "D".

15. In the Autopsy Report, Dr. Casto clearly states that "[i]t is my opinion that the cause of death of Michael Caylor is: Blunt force head, neck and torso trauma. … It is my opinion that the manner of death is: Accident." (Ex. D, p. 2).

16. Similarly, the immediate cause of death, as stated on Decedent's death certificate, was "blunt force head and neck trauma[.]" A true and accurate copy of Decedent's death certificate is attached hereto and incorporated completely herein as Exhibit "E".

17. After Decedent's death, Plaintiff Aaron Caylor, as a beneficiary of Decedent's Estate, filed claims with Defendant under the Group Term Life Policy and the Accidental Death Policy providing insurance coverage for Decedent and his beneficiaries.

18. On or around July 12, 2021, Defendant approved, in writing, Plaintiff's claim under the Group Term Life Policy in the amount of Two Hundred Twenty-Five Thousand Twenty-Eight Dollars and 03/100 ($225,028.03), which consisted of a "Basic Life Benefit" in the amount of Seventy-Five Thousand Dollars and 00/100 ($75,000.00), a "Supplemental Life Benefit" in the amount of One Hundred Fifty Thousand Dollars and 00/100 ($150,000.00), and interest in the amount of Twenty-Eight Dollars and 03/100 ($28.03).

19. On or around August 5, 2021, Defendant wrongfully denied, in writing, Plaintiff's claim under the Accidental Death Policy. A true and accurate copy of Defendant's denial letter is attached hereto and incorporated completely herein as Exhibit "F".

20. In denying the claim, Defendant incorrectly concluded that Decedent's death was not a "Covered Accident" and/or "Covered Injury" under the Accidental Death Policy, and thus Decedent's death was not a "Covered Loss" thereunder.

21. More specifically, the reasons provided by Defendant for the denial of the claim included Defendant's conclusion that "[Decedent]'s death was not independent of all other causes due to the significant and direct contribution of his preexisting heart conditions to the crash. As such, his death did not result from a Covered Injury due to a Covered Accident, as defined by the policy."

22. Defendant also incorrectly concluded that benefits were not payable for Decedent's death due to an exclusion under the Accidental Death Policy preventing the payment of benefits for losses resulting from "[s]ickness, disease, [and] bodily or mental infirmity[.]"

4

23. Defendant further stated that benefits were precluded under the Accidental Death Policy because "[Decedent]'s death was, directly or indirectly, in whole or in part, caused by or the result of a [s]ickness, disease, or bodily infirmity, specifically arteriosclerotic cardiovascular disease[.]"

24. Plaintiff Aaron Caylor brings this declaratory judgment action on behalf of Decedent's Estate and as a beneficiary of the Accidental Death Policy in order to recover benefits rightfully payable thereunder.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

25. Plaintiffs hereby reallege and incorporate completely the allegations set forth in the preceding paragraphs as if fully restated herein.

26. Plaintiffs bring this action for declaratory judgment pursuant to Chapter 2721 of the Ohio Revised Code.

27. At all times relevant hereto, Decedent's death resulted from a "Covered Accident" and/or "Covered Injury" as set forth in the Accidental Death Policy. (Ex. C, p. 29).

28. At all times relevant hereto, Decedent's death constituted a "Covered Loss" under the express terms of the Accidental Death Policy. (Ex. C, p. 29).

29. Plaintiffs further state that Decedent's death is not subject to any exclusions contained within the Accidental Death Policy.

30. As a result, the beneficiaries of the Accidental Death Policy are entitled to the full amount of death benefits payable thereunder, which is reasonably believed to exceed Twenty-Five Thousand Dollars and 00/100 ($25,000.00).

31. Plaintiffs state that there is a genuine and justiciable controversy between Plaintiffs and Defendant as to the rights, duties, and obligations of the parties under the Accidental Death

Policy, and Plaintiffs are entitled to a determination construing the provisions thereof and declaring the rights, duties, and obligations of the parties in relation to Plaintiffs' claims for accidental death benefits coverage under the Accidental Death Policy.

32. Plaintiffs have a direct and substantial interest in the Accidental Death Policy between Decedent and Defendant, and Plaintiffs have satisfied all conditions precedent for bringing claims for accidental death benefits coverage against Defendant.

33. Accordingly, pursuant to R.C. 2721.03, Plaintiff seek a declaration from this Court construing the coverage terms and provisions within the Accidental Death Policy and declaring that that the named beneficiaries of the Decedent thereunder are entitled to all benefits payable under said Policy, which is reasonably believed to exceed Twenty-Five Thousand Dollars and 00/100 ($25,000.00).

**WHEREFORE**, under the First Cause of Action, Plaintiffs respectfully requests that the Court enter an order declaring:

- A. The rights, duties, and obligations of the parties with respect to the Accidental Death Policy covering the Decedent;

- B. That Decedent's death resulted from a "Covered Accident" and/or "Covered Injury" as set forth in the Accidental Death Policy;

- C. That Decedent's death constitutes a "Covered Loss" under the terms of the Accidental Death Policy;

- D. That Decedent's death and the circumstances surrounding Decedent's death are not subject to any exclusions contained within the Accidental Death Policy;

- E. That the beneficiaries of the Decedent are entitled to all benefits payable under the Accidental Death Policy;

- F. That Plaintiffs are entitled to reasonable attorney's fees and costs of this action;

- G. All other relief that Plaintiffs may be entitled to at law or in equity.

Respectfully submitted,

*/s/ L. Michael Bly*

L. Michael Bly (0042074)
Matthew S. Hauer (0099596)
PICKREL, SCHAEFFER & EBELING CO., LPA
2700 Stratacache Tower
Dayton, Ohio 45423
T: (937) 223-1130 / F: (937) 223-0339
E: mbly@pselaw.com
E: mhauer@pselaw.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

*/s/ L. Michael Bly*

L. Michael Bly (0042074)
Matthew S. Hauer (0099596)
PICKREL, SCHAEFFER & EBELING CO., LPA